IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF QUINTON WHITE | § | No. 128, 2026 |
| FOR A WRIT OF MANDAMUS | § | |
| | § | |

Submitted: May 11, 2026
Decided: July 14, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Quinton White, asks this Court to issue a writ of mandamus under Supreme Court Rule 43 directing the Superior Court to produce the audio recordings of "every proceeding" in two criminal cases, *State v. White*, Crim. Action No. 2407001362, and *State v. White*, Crim. Action No. 2407005207. The State, as the real party in interest, has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2) A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform

its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(3) There is no basis for the issuance of a writ of mandamus here. White does not have a clear right to the production of the audio recordings of the Superior Court proceedings. Although White contends that the transcripts must be reviewed for errors, "the authority to review transcripts for errors lies with the Superior Court itself."[3] To that end, White also has an adequate remedy available: he may ask the Superior Court to review the transcripts for accuracy.[4] But White is not entitled to a writ of mandamus.

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED. The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] Del. Const. art. IV, § 11(e).
[2] *In re Bordley*¸545 A.2d 619, 620 (Del. 1988).
[3] *In re Montgomery*, 2020 WL 1062087, at *1 (Del. Mar. 4, 2020).
[4] *But see State v. Montgomery*, 2021 WL 1784768, at *1 (Del. Super. Ct. May 5, 2021) (observing that federal courts have held that a court reporter's transcript is presumed to be correct and, although the presumption may be rebutted, the "evidence necessary to rebut the presumption must be something more than a party's own mere speculation, belief or recollection of the record").